IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| D.W., SCOTT W. and KIM W., Individually and as Parents and Guardians of D.W., )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BOARD OF EDUCATION OF )<br>MAHOMET-SEYMOUR )<br>COMMUNITY UNIT SCHOOL )<br>DISTRICT No. 3; DR. LINDSEY HALL, )<br> in her Official Capacity as Superintendent; )<br>ILLINOIS STATE BOARD OF )<br>EDUCATION, )<br>)<br>)<br>)<br>Defendants. ) | Case No.: 2018-cv- 3166 |

## COMPLAINT

Plaintiffs, D.W., Scott W. and Kim W., individually and as parents and guardians of D.W., by their attorneys, Equip for Equality, Inc., bring the following complaint to recover attorneys' fees and costs incurred in connection with their successful prosecution of a special education due process hearing:

## INTRODUCTORY STATEMENT

1)     This is an action pursuant to 20 U.S.C. § 1415(i)(3) for attorneys' fees and costs incurred by Plaintiffs, Scott W. and Kim W., who requested an expedited due process hearing and prevailed against Defendant Board of Education of Mahomet-Seymour Community Unit School District No. 3. Plaintiffs are entitled to payment of attorneys' fees and costs, which Defendant has not agreed to pay.

## JURISDICTION AND VENUE

2) This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3).

3) Venue is properly situated in this Court because the acts complained of occurred in the Central District of Illinois and the Defendants are subject to personal jurisdiction in the Central District of Illinois.

## PARTIES

4) D.W. is a 10 year-old child with a disability and qualifies for special education services under the disability category of Other Health Impairment and Specific Learning Disability. D.W. previously qualified for special education services under the disability category of Developmental Delay. D.W. qualifies as a "child with a disability" pursuant to the IDEA. *See* 20 U.S.C. § 1401(3). D.W. resides in Mahomet, Illinois, in the Central District of Illinois, and his school district of residence is Mahomet-Seymour Community Unit School District No. 3. Following a two-day expedited due process hearing, D.W. prevailed when the Impartial Hearing Officer ("IHO") issued an order finding in D.W.'s favor on all claims and requiring the Defendant to provide all of the relief requested.

5) In this action, D.W., Scott W., and Kim W. seek attorneys' fees and costs related to their individual claims upon which they prevailed and there is no further right to appeal by the Defendant.

6) Scott W. and Kim W. are D.W.'s "parents" within the meaning of IDEA. *See* 20 U.S.C. § 1401(23). They reside in Mahomet, Illinois, in the Central District of Illinois. Scott W. and Kim W. bring this action on behalf of their son, D.W., and for themselves as the prevailing party in the administrative hearing.

7) Defendant Board of Education of the Mahomet-Seymour Community Unit School District No. 3 ("District") is constituted within Illinois for administration of public schools serving the city of Mahomet, Illinois, which is located in the Central District of Illinois. The District constitutes a "local educational agency" within the meaning of IDEA. *See* 20 U.S.C. § 1401(19). The District receives federal funds from the United States Department of Education pursuant to the IDEA for the purpose of educating children with disabilities, and was responsible for ensuring that D.W. received a free appropriate public education ("FAPE") under the law. *See* 20 USC §§ 1401(9)(d); 1412(a)(1)(j).

8) Defendant Dr. Lindsey Hall, Superintendent of the District, is named in her official capacity as District Superintendent.

9) Defendant Illinois State Board of Education ("ISBE") is the state agency that administers public education in the state of Illinois. One of its functions is to oversee the due process hearing system in Illinois. ISBE has been named as a party for purposes of filing the administrative record for the underlying proceedings in this case.

## FACTS

10) Plaintiff D.W. is a 10-year-old child with a disability who is a student in the District and attended Sangamon Elementary School during the 2016-2017 school year and Lincoln Trail Elementary School during the 2017-2018 school year.

11) Plaintiffs Scott W. and Kim W. are D.W.'s parents.

12) During the 2017-2018 school year, the District attempted to improperly remove D.W. to an interim alternative educational setting ("IAES"). Under 34 CFR § 300.530(g), this is only permissible in cases involving a weapon, illegal drugs, or serious bodily injury. However, the District improperly characterized two incidents in order to justify D.W.'s emergency

removal, in violation of federal law.

13) Following an incident on March 31, 2017 in which D.W. threw pea gravel at his teacher, D.W. was suspended until a Manifestation Determination Review ("MDR") could be convened on April 17, 2017. At the MDR, the Individualized Education Program ("IEP") team concluded that D.W.'s behavior was a manifestation of his disability, but placed D.W. in a 45-day IAES, asserting that throwing pea gravel constituted the "use of a weapon." D.W.'s parents disagreed with the appropriateness of the 45-day IAES and did not agree to send him to the Pavilion. D.W. received some homebound tutoring from the District during the summer of 2017.

14) In order to discuss D.W.'s transition back to a school setting, the District convened a meeting of D.W.'s IEP team on August 10, 2017. At that meeting, the District changed D.W.'s placement to a therapeutic day school. D.W.'s parents disagreed with this placement and requested ISBE-sponsored mediation in order to invoke D.W.'s right to "stay put" in his current educational placement. On August 17, 2017, the District agreed to participate in mediation. The parties participated in mediation on September 5, 2017, but did not reach an agreement. In order to preserve "stay put," D.W.'s parents requested a due process hearing on September 15, 2017.

15) On September 6, 2017, the District sent a letter through its attorney notifying D.W.'s parents that due to a behavioral incident that occurred the previous day, D.W. would be suspended until September 18, 2017. In the same letter, the District's attorney indicated that she was going to recommend that D.W. be referred to an IAES at the Pavilion because D.W. "threw two chairs at District personnel (constituting use of a weapon) and he punched the School Social Worker in the face (constituting serious bodily injury)."

16) On September 21, 2017, the IEP team again met and conducted an MDR. The

team agreed that D.W.'s behavior on September 5, 2017 was a manifestation of his disability and his parents again requested that he be returned to his "stay put" placement at Lincoln Trail Elementary School. The District asserted that the decision to place D.W. in a 45-day IAES had already been made by the administration and communicated to the parents on September 6, 2017.

17) Scott W. and Kim W. filed an expedited due process request on September 28, 2017 to address the denial of a FAPE to D.W. when the district improperly removed him twice to an IAES for incidents on March 31, 2017, and September 5, 2017. The expedited due process hearing was held on October 23 and 24, 2017 at the District's administrative office.

18) Following a two-day expedited due process hearing, on November 7, 2017, the IHO issued a final Decision and Order concluding that the District denied D.W. a FAPE when it improperly removed him twice to an IAES for incidents on March 31, 2017, and September 5, 2017. *See* Decision and Order, attached as **Exhibit A**.

19) The IHO ruled in D.W.'s favor on substantially all claims. Set forth below are Plaintiffs' claims and the related findings:

    a. **Claim:** Determining that the student's throwing pea gravel at his teacher on March 31, 2017 constituted the use of a weapon;

    **Finding**: "Based on the foregoing, the undersigned finds that the district improperly determined that the student's throwing pea gravel at his teacher constituted the use of a weapon.

    School personnel may consider "unique circumstances" in determining whether a student should be removed to an IAES. 34 C.F.R. §300.530(a). "Unique circumstances" may include the student's disciplinary history, ability to understand consequences, expressions of remorse, and supports provided to the student. *Questions and Answers on*

*Discipline Procedures*, 52 IDELR 213 (OSERS June 1, 2009). However, the consideration of unique circumstances *must* be consistent with all the requirements in §300.530. 34 C.F.R. §300.530(a) (emphasis added). One of those requirements is that a student may be removed to an IAES placement for not more than 45 days if the student carries or possesses a weapon at school or inflicts serious bodily injury on another person while at school. 34 C.F.R. §(g)(1), (3); *See Cent. Dauphin Sch. Dist.,* 115 LRP 1141, 4 (Pa. SEA Dec. 21, 2014). Since the undersigned has found that the student's throwing of pea gravel does not constitute the use of weapon, the district may not consider unique circumstances in this instance as a basis for an IAES placement." Exhibit A, at 13.

  b. **Claim:** Determining that the student's throwing two chairs at a teacher in September 2017 constituted the use of a weapon.

   **Finding:** "The chairs that D.W. threw are light-weight child-sized chairs and are part of the furnishings in his safe-room. ¶31. Based on the size, weight, and location of the chairs, the undersigned finds that they are not *per se* dangerous. The question, then, is whether the student's use of the chairs makes them a dangerous weapon pursuant to the statutory definition. The evidence shows that the student threw the chair in response to the social worker's request to open the door. *Id.* There is no evidence that the social worker felt in danger, and in fact she was able to duck out of the way. ¶29. The throwing of a chair is substantially different from situation in *Washington,* in which the student directly threatened the teacher by his actions. *Washington,* p.2.

   Based on the foregoing evidence and reasoning, the undersigned finds that the student's throwing of the two chairs did not constitute the use of weapon. Therefore, the district may not consider unique circumstances as a basis for an IAES placement."

Exhibit A, at 14-15.

    c. **Claim**: Determining D.W.'s IAES without involvement of the IEP team on September 6, 2017 denied D.W. a FAPE.

    **Finding:** "Clearly, it would have been better to hold a meeting in September to re-discuss the Pavilion. However, based on these specific circumstances, the undersigned finds that the parents were not denied meaningful participation in educational decision-making in this instance, wherein the IAES location had been determined in an earlier meeting in which the parents had participated and was still available." Exhibit A, at 15 .

    d. **Claim:** Transferring D.W. to a 45-day IAES for incidents on September 5, 2017 and March 31, 2017 denied D.W. a FAPE;

    **Finding**: "[T]he district wrongfully determined that the student's throwing pea gravel at a teacher on March 31, 2017 and throwing two chairs at a staff member in September 2017 constituted the use of weapons, which resulted in a wrongful determinations that the student should be placed in an interim alternative educational setting. These wrongful determinations have denied the student a free appropriate public education." Exhibit A, at 16.

20)    Based on these findings, the IHO ordered the District to provide all of the relief requested by D.W.'s parents, as evidenced by the following annotated excerpt from the Parents' Request for an Expedited Due Process Hearing dated September 28, 2017:

    a.    Order the District to return D.W. to the "stay put" placement in his May 18, 2016 IEP (**Ordered by IHO**); Exhibit A, at 16.

    b.   Order the District to pay for an independent Functional Behavior Assessment by a mutually agreed upon Board Certified Behavior Analyst or someone with similar training and experience (**Ordered by IHO**); Exhibit A, at 16.  and

    c.   Any other relief the Hearing Officer deems appropriate (**IHO ordered that the District convene an IEP meeting to prepare an IEP that returns the student to his stay put placement and, if necessary, ordered that the District create a transition plan for the student to return to school, given the length of time that he had been out of school**). Exhibit A, at 16.

21)    The IHO's Order became final on March 8, 2018.

22)    On June 19, 2018, D.W. and his parents, Scott W. and Kim W., through their attorneys, submitted a claim for attorneys' fees and costs to the District Defendant. Reasonable attorneys' fees through June 19, 2017 total $68,732.50 and are set forth in **Exhibit B.**  Costs to that date totaled $1,218.80 and are set forth in **Exhibit C.**

23)    Defendants have failed to pay Plaintiffs the amount of fees and costs reasonably incurred in the due process proceeding.

## CLAIM FOR RELIEF

24)    Plaintiffs are the prevailing party in this matter pursuant to 20 U.S.C. § 1415(i)(3)(B).

25)    As the prevailing party, Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B).

26)    The Plaintiffs' attorneys' hourly rates are consistent with the rates prevailing for the kind and quality of services furnished, as required by 20 U.S.C. § 1415(i)(3)(B).

27) The time expended and billed by Plaintiffs' attorneys in the due process hearing is reasonable, consistent with the overall results obtained, and therefore is compensable under 20 U.S.C. § 1415(i)(3)(B).

28) There are no special circumstances which would render the award of Plaintiffs' full request unjust, nor are the fees requested excessive.

29) Plaintiffs' attorneys have reviewed the legal fees and have reduced them where appropriate for a total reduction of $2,167.50. *See* Settlement Demand Letter dated June 19, 2018. Plaintiffs have incurred more than $69,951.30 in legal fees and costs through June 19, 2018, which does not include the fees spent on the fee demand and preparing for and bringing this Complaint.

30) Plaintiffs have sent a demand for attorneys' fees to the District, but the parties have not reached an agreement.

WHEREFORE, D.W., and Scott W. and Kim W., for themselves and on behalf of and as parent and next friend of D.W., respectfully request that this Court:

a. Find that Plaintiffs were the prevailing party in the administrative proceeding against the District;

b. Award reimbursement in the amount of $69,951.30 to Plaintiffs for all attorneys' fees and costs incurred up through the due process hearing and subsequent required activities to implement the IHO's Order;

c. Award prejudgment interest;

d. Award reimbursement for such additional attorneys' fees and costs incurred after November 27, 2017, in preparation for the fee demand and in litigating this Complaint; and

  e.  Grant any other relief this Court deems just.

            Respectfully submitted,

            /s/__Olga Pribyl_____
             One of the Attorneys for Plaintiff

July 3, 2018

Olga Pribyl
EQUIP FOR EQUALITY
20 North Michigan, Suite 300
Chicago, IL 60602
(312) 341-0022

G. Michael Shea
EQUIP FOR EQUALITY
1 West Old State Capitol Plaza, Suite 816
Springfield, IL 62701
(217) 331-6120